# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

STATE OF TENNESSEE and
STUDENTS FOR FAIR ADMISSIONS, INC.,

        *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF EDUCATION and LINDA MCMAHON, in her official capacity as Secretary of Education,

        *Defendants,*

and

HISPANIC ASSOCIATION OF COLLEGES AND UNIVERSITIES

        *Defendant-Intervenor.*

Case No. 3:25-cv-270

## PROPOSED DEFENDANT-INTERVENOR, HISPANIC ASSOCIATION OF COLLEGES AND UNIVERSITIES', ANSWER TO PLAINTIFFS' COMPLAINT

Defendant-Intervenor, Hispanic Association of Colleges and Universities submit the following Answer in response to the Complaint, ECF No. 1, filed in this matter on June 11, 2025.

Intervenor denies that the Hispanic Serving Institutions ("HSIs") program is unconstitutional or violates the Administrative Procedure Act and denies each and every averment of the Complaint, except as specifically admitted in any response to an individually numbered paragraph of the Complaint.

1.     The first sentence of paragraph "1" of the Complaint expresses an opinion and requires no response. Denies the allegation set forth in the second sentence. Lacks knowledge or

1

information sufficient to form a belief as to the truth of the allegations set forth in the third sentence. Denies the allegation set forth in the fourth sentence.

2. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second, third, fourth, and fifth sentences of paragraph "2" of the Complaint and denies the allegation set forth in the sixth sentence.

3. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second, third, and fourth sentences of paragraph "3" of the Complaint.

4. Denies the allegation set forth in the first and third sentences in paragraph "4" of the Complaint. The second sentence is a statement of the law to which no response is required, and the fourth sentence expresses a legal conclusion, which Intervenor denies.

5. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, except admits a federal court, pursuant to 28 U.S.C. § 1331, has original jurisdiction over a civil action arising under the Constitution, laws, or treaties of the United States.

6. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint, except admits a federal court, pursuant to 28 U.S.C. § 2201(a) may declare the rights of parties in a case of actual controversy within its jurisdiction.

7. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits pursuant to 28 U.S.C. § 1391(e)(1), venue is proper in a judicial district in which a federal agency or a plaintiff resides.

8. Allegations set forth in paragraph "8" state legal conclusions for which no

2

responses are required.

9. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first, second, third, and fourth sentences of paragraph "9" of the Complaint, except admits Jonathan Skrmetti is listed as Attorney General of the State of Tennessee.

10. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first and second sentences of paragraph "10" of the Complaint.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph "11" of the Complaint, except admits the Department of Education enforces and administers the Higher Education Act, including the Hispanic-Serving Institutions program.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint, except admits Secretary Linda McMahon is the Secretary of the Department of Education and oversees the Higher Education Act, including the Hispanic-Serving Institutions program.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the first sentence of paragraph "13" of the Complaint, except admits that the Hispanic-Serving Institutions program is codified in the Higher Education Act. The allegations set forth in second and third sentences express legal conclusions for which no responses are requires.

14. Lacks knowledge or information sufficient to form a belief as to the truth of the allegation set forth in the first sentence of paragraph "14" of the Complaint, except admits the Hispanic-Serving Institutions program is codified in the Higher Education Act, and denies the

3

Case 3:25-cv-00270-KAC-DCP   Document 16-2   Filed 07/24/25   Page 3 of 12
PageID #: 108

allegation set forth in the second sentence.

15. Denies the allegation set forth in the first sentence of paragraph "15" of the Complaint, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences.

16. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except affirmatively states the Hispanic-Serving Institutions program serves all students in institutions with at least a twenty-five percent Hispanic student enrollment.

17. Denies the allegations set forth in paragraph "17" of the Complaint and affirmatively states the Hispanic-Serving Institutions program is not a constitutionally impermissible racial or ethnic quota or set-aside.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admits a Hispanic-Serving Institution must award a bachelor's degree or is a junior or community college or an accredited institution.

20. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "23" of the Complaint and denies the allegations set forth in the second sentence.

24. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in the first two sentences of paragraph "26" of the Complaint, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences. Affirmatively states, to the extent the allegations in the third and fourth sentences imply that the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved Hispanic and low-income students to achieve equal educational opportunity and academic success, they are legally wrong.

27. Denies the allegations set forth in paragraph "27" of the Complaint and affirmatively states to the extent the allegations imply the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved Hispanic and low-income students to achieve equal educational opportunity or academic success, they are legally wrong.

28. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegation set forth in the first sentence of paragraph "29" of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences.

5

30. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Allegations set forth in paragraph "34" state legal conclusions to which no responses are required.

35. Denies the allegation set forth in paragraph "35" of the Complaint.

36. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first four sentences of paragraph "38" and denies the allegations set forth in the last sentence.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first three sentences of paragraph "39" and denies the allegations set forth in the last sentence.

40. Denies the allegation set forth in the first sentence of paragraph "40" of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in the second sentence, and affirmatively states, to the extent the allegations imply that the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved Hispanic and low-income students to achieve equal educational opportunity or academic success, they are legally wrong.

41. Denies the allegation set forth in the first sentence of paragraph "41" of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence, and affirmatively states, to the extent the allegations imply that the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved Hispanic and low-income students to achieve equal educational opportunity or academic success, they are legally wrong.

42. Denies the allegation set forth in the first sentence of paragraph "42" of the Complaint and lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second and third sentences, and affirmatively states, to the extent the allegations imply that the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved Hispanic and low-income students to achieve equal educational opportunity or academic success, they are legally wrong.

43. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in the first, second, and last sentences of paragraph "44" of the Complaint, allegations contained in the third sentence state a legal opinion for which no response is required and affirmatively states, to the extent the allegations imply that the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved

7

Hispanic and low-income students to achieve equal educational opportunity or academic success, they are legally wrong.

45. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "45" of the Complaint, denies allegations set forth in the second, third, fourth, and fifth sentences.

46. Denies the allegations set forth in the first sentence of paragraph "46" of the Complaint.

47. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint, and to the extent they express a legal opinion, no response is required.

48. Allegations set forth in paragraph "48" state legal conclusions to which no responses are required.

49. Allegations set forth in paragraph "49" state legal conclusions to which no responses are required.

50. Denies the allegation set forth in paragraph "50" of the Complaint and affirmatively states, to the extent the allegations imply that the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved Hispanic and low-income students to achieve equal educational opportunity or academic success, they are legally wrong.

51. Denies the allegation set forth in paragraph "51" of the Complaint.

52. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint and affirmatively states, to the extent the allegations imply that the Constitution forbids redressing racial or ethnic disparity or helping traditionally underserved Hispanic and low-income students to achieve equal educational opportunity or academic success, they are legally wrong.

56. Intervenor re-alleges each and every response contained in paragraphs "1" through "55" above as though fully set forth herein.

57. Allegations set forth in paragraph "57" of the Complaint are contentions of law that do not require a response.

58. Allegations set forth in paragraph "58" of the Complaint are contentions of law that do not require a response.

59. Denies the truth of the allegations set forth in paragraph "59" of the Complaint.

60. Denies the truth of the allegations set forth in the first and second sentences of paragraph "60" of the Complaint and, to the extent the remaining sentences express contested legal conclusions, no response is required.

61. Denies the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Allegations set forth in paragraph "62" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, Intervenor respectfully refers the Court to the Fourteenth Amendment of the United States Constitution for a full statement of its contents.

63. Allegations set forth in paragraph "63" of the Complaint are contentions of law that do not require a response, but to the extent a response is required, Intervenor respectfully refers the Court to the Fourteenth Amendment of the United States Constitution for a full statement of its contents.

64. Allegations set forth in paragraph "64" of the Complaint are contentions of law that do not require a response.

65. Denies the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Denies the truth of the allegations set forth in paragraph "66" of the Complaint and, to the extent they express contested legal conclusions, no response is required; to the extent a response is required, those allegations are denied.

67. Allegations set forth in paragraph "67" of the Complaint are consistent with the cited authority.

68. Denies the truth of the allegations set forth in the second sentence of paragraph "68" of the Complaint and further states the allegations are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

69. Denies the truth of the allegations set forth in the third and fifth sentences of paragraph "69" of the Complaint, further states the allegations set forth are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied. Intervenor otherwise admits the allegations set forth in the second sentence.

70. Denies the truth of the allegations set forth in the paragraph "70" of the Complaint and further states the allegations are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

71. Denies the truth of the allegations set forth in the paragraph "71" of the Complaint and further states the allegations are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

72. Allegations set forth in paragraph "72" of the Complaint are contentions of law that do not require a response.

73. Denies the truth of the allegations set forth in the paragraph "73" of the Complaint and further states the allegations are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

74. Denies the truth of the allegations set forth in the paragraph "74" of the Complaint and further states the allegations are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

75. Denies the truth of the allegations set forth in the paragraph "75" of the Complaint and further states the allegations are contentions of law that do not require a response, but to the extent a response is required, those allegations are denied.

## PRAYER FOR RELIEF

Intervenors deny that Plaintiffs are entitled to declaratory, injunctive, legal, or equitable relief, or are entitled to any attorneys' fees and costs, in that the challenged HSIs program is lawful and consistent with the United States Constitution.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The HSI program does not violate any rights, privileges, or immunities under the United State Constitution or the laws of the United States.

## THIRD AFFIRMATIVE DEFENSE

The named Plaintiffs lack standing to bring this action, and the Court therefore lacks jurisdiction over the case.[1]


Dated this 24th day of July, 2025

                                                          Respectfully submitted,

By: _Stella Yarbrough_
Stella Yarbrough
BPR No. 033637
ACLU of Tennessee
P.O. Box 120160
Nashville, TN 37212
615.320.7142
syarbrough@aclu-tn.org

Francisca D. Fajana*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
212.219.3360
FFajana@latinojustice.org

*Application for Pro Hac Vice
 admission pending

---

[1] Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed, Proposed Intervenor intends to submit before this Court a motion for judgment on the pleadings. *See e.g., Priorities USA v. Nessel*, 628 F. Supp. 3d 716, 723 (E.D. Mich. 2022) (granting defendants-intervenor's Fed. R. Civ. P. 12(c) motion for judgment on the pleadings).