UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE, et al.; | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 3:25-CV-270-KAC-DCP |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF EDUCATION, et al.; | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTIONS TO INTERVENE

This civil action is before the Court on (1) the Motion to Intervene filed by the Hispanic Association of Colleges and Universities [Doc. 16] and (2) the Motion to Intervene filed by the National Association of Scholars and Faculty, Alumni, and Students Opposed to Racial Preferences [Doc. 22]. For the reasons below, the Court grants both Motions in part, allowing permissive intervention.

On June 11, 2025, Plaintiffs State of Tennessee and Students For Fair Admissions, Inc. filed a Complaint against Defendants United States Department of Education and Linda McMahon, in her official capacity as Secretary of Education [Doc. 1]. The Complaint alleges that "under the Higher Education Act, the Department [of Education] awards grants to colleges and universities *only if* they enroll a certain number of Hispanic students" [*Id.* ¶ 1]. The Complaint asks the Court to "declare the HSI [Hispanic-Serving Institutions] program's discriminatory requirements unconstitutional" [*Id.* ¶ 4].

On July 24, 2025, the Hispanic Association of Colleges and Universities (HACU) filed a Motion to Intervene, seeking to (1) intervene as a defendant under "Rule 24(a)(2) or Rule 24(b)" and (2) file a proposed "attached Answer" under "Rule 24(c)" [Doc. 16; Doc. 17 at 26]. HACU is

1

a "membership organization" that "represents over 500 designated HSIs" and advocates for the "distribution" of "federal funding" to those institutions through the challenged Program [Doc. 16 at 1]. HACU's proposed Answer seeks to defend the constitutionality of the Program on behalf of the HSIs it represents [*See generally* Doc. 16-2]. Plaintiffs assert that HACU "appears to satisfy the requirements" of mandatory intervention and take "no position" on permissive intervention [Doc. 19 at 1]. Defendants "do not oppose" HACU's "permissive intervention" [Doc. 21 at 1].

On August 8, 2025 the National Association of Scholars and Faculty, Alumni, and Students Opposed to Racial Preferences (collectively "Proposed Plaintiff-Intervenors") filed a Motion to Intervene, seeking to (1) intervene as plaintiffs under Rule 24(a), or "Rule 24(b);" and (2) "file" their attached "proposed complaint" [Doc. 22 at 1]. Proposed Plaintiff-Intervenors are "membership organization[s]" aimed at reforming higher education and eliminating "illegal race . . . preferences" [*See* Doc. 22-1 ¶¶ 14, 15]. The proposed complaint asserts that the challenged Program violates the Equal Protection and Taxing and Spending Clauses, [*id.* at 13-17], and seeks, among other things, "injunctive relief" on behalf of "members" who are students and faculty at institutions "excluded" from the challenged Program, [*see id.* at 15, 17]. This includes at least one member "at a non-HSI school *outside* of Tennessee" [Doc. 23 at 16-17 (citing Doc. 22-1 ¶ 41)]. No Party opposed Proposed Plaintiff-Intervenors' intervention.

Federal Rule of Civil Procedure 24(b)[1] provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Once a movant has established that the timeliness and "common question" requirements are satisfied, the Court "must then balance

---

[1] Because no Party opposes the permissive intervention of HACU or Proposed Plaintiff-Intervenors, the Court need not, and does not, analyze whether mandatory intervention under Rule 24(a) applies.

2

undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *See United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005); Fed. R. Civ. P. 24(b)(1),(3).

Here, the Court permits each proposed intervenor to intervene under Rule 24(b). As an initial matter, no Party opposed permissive intervention. And the Court views that as "a waiver of any opposition to the relief sought." *See* E.D. Tenn. L.R. 7.2. Substantively, both motions for intervention are timely. HACU and Proposed Plaintiff-Intervenors both moved before the start of discovery and before any Party filed a substantive motion. *See Kirsch v. Dean*, 733 F. App'x 268, 275 (6th Cir. 2018). The proposed intervenors each satisfy the "common question" requirement too. HACU seeks to defend the constitutionality of the challenged Program on behalf of the HSIs its represents. And Proposed Plaintiff-Intervenors seek relief regarding the challenged Program that would benefit their members. Given the lack of opposition to intervention there is no prejudice, and there has been no undue delay. Therefore, the Court exercise its discretion to permit intervention by HACU and the Proposed Plaintiff-Intervenors. *See Michigan*, 424 F.3d at 445.

Accordingly, the Court **GRANTS in part** (1) the Motion to Intervene filed by the Hispanic Association of Colleges and Universities [Doc. 16] and (2) the Motion to Intervene filed by the National Association of Scholars and Faculty, Alumni, and Students Opposed to Racial Preferences [Doc. 22]. The Hispanic Association of Colleges and Universities **MUST** file its proposed Answer [Doc. 16-2] within three (3) days of the entry of this Order. The National Association of Scholars and Faculty, Alumni, and Students Opposed to Racial Preferences **MUST** filed their proposed Complaint [Doc. 22-1] within three (3) days of the entry of this Order.

Further, the Court **ORDERS** the Parties to confer and jointly submit a Rule 26(f) report by **October 22, 2025**. The Court will determine whether to hold a Rule 16 scheduling conference

after receiving the Parties' report. Given the distinct posture of this action, [*see* Doc. 32], the Court stays the otherwise-applicable deadlines to respond to any Complaint or Answer until the Court has entered a scheduling order for the action, *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge