UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE and<br>STUDENTS FOR FAIR ADMISSIONS, INC.; | )<br>)<br>) | |
| Plaintiffs; | )<br>) | |
| THE NATIONAL ASSOCIATION OF<br>SCHOLARS and FACULTY, ALMUNI,<br>AND STUDENTS OPPOSED TO<br>RACIAL PREFERNCES; | )<br>)<br>)<br>)<br>) | |
| Plaintiff-Intervenors; | ) | |
| v. | )<br>) | 3:25-CV-270-KAC-DCP |
| UNITED STATES DEPARTMENT<br>OF EDUCATION and LINDA MCMAHON, | )<br>)<br>) | |
| Defendants, | )<br>) | |
| HISPANIC ASSOCIATION OF COLLEGES<br>AND UNIVERSITIES, | )<br>)<br>) | |
| Defendant-Intervenor. | ) | |

## ORDER SETTING SCHEDULE

Before the Court is the "Report of the Parties' Planning Meeting" filed by Plaintiffs State of Tennessee and Students for Fair Admissions (collectively "Plaintiffs"); Plaintiff-Intervenors the National Association of Scholars and Faculty, Alumni, and Students Opposed to Racial Preferences; and Defendant-Intervenor Hispanic Association of Colleges and Universities [Doc. 40]. The Report indicates that Defendants United States Department of Education and Linda McMahon, in her official capacity as Secretary of Education, "could not be reached and did not participate in the planning meeting" [*Id.* at 1]. The Parties that participated in the Rule 26 conference "agree that this case can be resolved on cross-motions for summary judgment" [Doc. 40 at 1]. They propose that "Defendant-Intervenor's answer to the complaint in

intervention be filed within 21 days after entry of a scheduling order" [*Id.* at 2]. And they submitted an agreed-upon discovery plan with deadlines [*See id.* at 1-3].

Below are the key scheduling dates in this case with further discussion in this Order. *Except as otherwise set forth in this Order, the schedule will not change except for good cause shown in strict compliance with Rule 6(b).*

| Key Scheduling Dates | |
|---|---|
| Expert Disclosure Deadline | **Defendants/Defendant-Intervenor: 1/5/2026** <br> **Plaintiffs/Plaintiff-Intervenors: 2/2/2026** <br> **Rebuttal: 3/23/2026** |
| All Discovery | 4/30/2026 |
| Plaintiffs/Plaintiff-Intervenors' Joint Motion for Summary Judgment | 6/1/2026 |
| Defendants' and Defendant-Intervenor's Combined Response & Cross Motion for Summary Judgment | 7/1/2026 |
| Plaintiffs/Plaintiff-Intervenors' Joint Combined Reply & Cross Opposition | 7/22/2026 |
| Defendants' and Defendant-Intervenor's Reply | 8/12/2026 |

1. **Jurisdiction:** In this case, Plaintiffs/Plaintiff-Intervenors invoke the subject matter jurisdiction of the Court pursuant to 28 U.S.C. § 1331.

2. **Answer to Complaint In Intervention:** By **11/14/2025,** Defendant-Intervenor **MUST** file any response to Plaintiff-Intervenors' Complaint in intervention [Doc. 35].

3. **Disclosure and Discovery; Including Experts:**

    a. **Rule 26(f) Meeting and Discovery Plan:** The Parties that met at the Rule 26(f) conference filed a discovery plan [Doc. 40]. They "agree that this case can be resolved on cross-motions for summary judgment" [Doc. 40 at 1]. All Parties shall follow the discovery plan [Doc. 40] to the extent not inconsistent with this Order and may seek assistance from the Court in the event of a dispute.

    b. **Electronic Discovery:** The Parties shall confer regarding the manner and method of exchanging electronic discovery and seek the Court's assistance in the event the Parties cannot reach an agreement.

    c. **Initial Disclosures:** Any Party that has not waived initial disclosures must make its initial disclosures under Rule 26(a)(1)(A) by **11/14/2025**.

d. **Protective Orders:**  In the event a need for a protective order arises, the Parties shall endeavor to reach an agreement as to a protective order.  In the absence of agreement, either Party may file a motion for a protective order.

e. **Expert Testimony:**  Defendants/Defendant-Intervenor shall disclose any expert testimony in accordance with Rule 26(a)(2)(B) and (C) by **1/5/2026**.  Plaintiffs/Plaintiff-Intervenors shall disclose any expert testimony in accordance with Rule 26(a)(2)(B) and (C) by **2/2/2026.**  The Parties shall disclose rebuttal expert testimony no later than **3/23/2026.**  Parties shall supplement these disclosures when required under Rule 26(e).

f. **All Discovery:**  The Parties must complete all discovery, including expert depositions, by **4/30/2026**.  The Parties must serve all written discovery requests sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline.

g. **Motion to Compel:**  Before filing a motion to compel, relevant Parties must meet and confer in an attempt to resolve the dispute.  If the relevant Parties are unable to resolve the dispute informally, the relevant Parties shall contact chambers of the assigned Magistrate Judge to notify the Court of a dispute and schedule a time for a telephone conference to attempt to resolve the dispute.  If, and only if, the relevant Parties' dispute is unresolved following the conference with the Magistrate Judge, Parties may file an appropriate written motion with the Court.  Parties must include a certification of compliance with this subsection and, if applicable, the written certification required by Rule 37(a)(1).

4. **Summary Judgment**

   a. Plaintiffs/Plaintiff-Intervenors agreed to file a joint summary judgment motion under Rule 56 and shall file any such motion by **6/1/2026**.  Defendant and Defendant-Intervenor shall each file any combined response and cross-motion for summary judgment by **7/1/2026**.  Plaintiffs/Plaintiff Intervenors shall file any joint combined reply and cross opposition by **7/22/2026**.  Defendants and Defendant-Intervenor shall file any reply by **8/12/2026**.

   b. No summary judgment motion or response may exceed **35 pages** in length. *See* E.D. Tenn. L.R. 7.1(b).  No reply may exceed **25 pages** in length. *See id.* R. 7.1(c).

5. **Conclusion:**  All Parties **MUST** comply with the deadlines in this Order.  If this action proceeds past summary judgment, the Court will set a schedule for the remainder of the action.  *See* Fed. R. Civ. P. 16(b).

3

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge