UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE; STUDENTS FOR FAIR ADMISSIONS, INC., <br> *Plaintiffs*, <br><br> THE NATIONAL ASSOCIATION OF SCHOLARS AND FACULTY, ALUMNI, AND STUDENTS OPPOSED TO RACIAL PREFERENCES, <br> *Plaintiff–Intervenors*, <br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION and LINDA MCMAHON, In Her Official Capacity As Secretary Of Education, <br> *Defendants*, <br><br> HISPANIC ASSOCIATION OF COLLEGES AND UNIVERSITIES, <br> *Defendant-Intervenor.* | Case No. 3:25-cv-270 |

## **DEFENDANT-INTERVENOR'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure Rule 12(c), Defendant-Intervenor Hispanic Association of Colleges and Universities ("HACU") moves for judgment on the pleadings as to all of Plaintiffs' claims. For the reasons set forth in the Memorandum of Law (the "Memorandum") filed concurrently herewith, the Court lacks subject matter jurisdiction because Plaintiffs do not have Article III standing. Plaintiff Students for Fair Admissions, Inc. ("SFFA") has failed to identify a single member suffering from a concrete, imminent injury and instead relies on generalized grievances and speculative chains of causation. Plaintiff State of Tennessee does not identify a concrete injury that is fairly traceable to the challenged statutes or likely to be redressed

by the declaratory and injunctive relief that Tennessee seeks.

Additionally, Plaintiffs' claims based on the Title V grants are moot because the U.S. Department of Education reallocated funds away from those programs. Plaintiffs cannot be harmed by exclusion from funding streams that have run dry. Without any ongoing harm or substantial controversy to address, this Court lacks the power to grant the injunctive or declaratory relief Plaintiffs seek in relation to the Title V programs.

For these reasons and those in the concurrently filed Memorandum, this Court should dismiss the Complaint in its entirety for a lack of standing. In the alternative, this Court should dismiss Plaintiffs' claims as to the Title V programs as moot.

Dated this 8th day of January, 2026

Respectfully Submitted,

/s/ Grace E. Hart
Grace E. Hart*
Suzana Kondic*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-6372
GHart@gibsondunn.com
SKondic@gibsondunn.com

Francisca D. Fajana*
Namratha Somayajula*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 219-3360
FFajana@latinojustice.org
NSomayajula@latinojustice.org

Stella Yarbrough (BPR No. 033637)
Zee Scout (BPR No. 042637)

American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
SYarbrough@aclu-tn.org
ZScout@aclu-tn.org

*Attorneys for Defendant-Intervenor,
Hispanic Association of Colleges and
Universities*

*Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I e-filed this document and accompanying Defendant-Intervenor's Memorandum of Law in Support of Motion for Judgment on the Pleadings with the Court on January 8, 2026, which automatically served everyone requiring service.

*/s/ Grace E. Hart*
Grace E. Hart

## MEET & CONFER CERTIFICATION

Counsel for Plaintiffs, Plaintiff-Intervenors, and Defendant-Intervenor HACU met on January 5, 2026, regarding HACU's Motion for Judgment on the Pleadings and whether an amendment could cure Plaintiffs' deficient pleading. The Parties have been unable to agree that Plaintiffs' Complaint is curable by a permissible amendment.

*/s/ Grace E. Hart*
Grace E. Hart