# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE and STUDENTS FOR FAIR ADMISSIONS, INC., *Plaintiffs*, <br><br> NATIONAL ASSOCIATION OF SCHOLARS and FACULTY, ALUMNI, AND STUDENTS OPPOSED TO RACIAL PREFERENCES, *Plaintiff-Intervenors*, <br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION and LINDA MCMAHON, in her official capacity as Secretary of Education, *Defendants*, <br><br> HISPANIC ASSOCIATION OF COLLEGES AND UNIVERSITIES, *Defendant-Intervenor*. | No. 3:25-cv-270 |

## STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE AND USE OF DISCOVERY MATERIALS

Plaintiffs State of Tennessee and Students for Fair Admission ("SFFA"); Plaintiff-Intervenors National Association of Scholars ("NAS") and Faculty, Alumni, and Students Opposed to Racial Preferences ("FASORP"); and Defendant-Intervenor Hispanic Association of Colleges and Universities ("HACU")—together, the "Parties," and each individually, as the context may require, "Party"—anticipate that documents, testimony, or information containing or reflecting confidential, privileged, personal,

1

proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and request that the Court enter this proposed Stipulated Protective Order Regarding Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using such information. These Parties request that this Order also constrain the Department of Education, Secretary McMahon, and their counsel. The Department of Education and Secretary McMahon take no position on the protective order.

## I. DEFINITIONS

1. "Action" means *Tennessee v. U.S. Department of Education*, Case No. 3:25-cv-00270 (E.D. Tenn.).

2. "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery in this Action pursuant to the Federal Rules of Civil Procedure, a court order, or any other agreement or stipulation by or among the Parties.

3. "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this Action.

2

4. "Protected Material" means any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as provided for in this Order.

5. "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

6. "Termination Date" means the later of (1) the date on which all claims of any Party are dismissed with or without prejudice, or (2) the date on which all appeals, reconsiderations, or remands have been exhausted following the entry of a final judgment by this Court.

## II. PURPOSES AND LIMITATIONS

1. Unless otherwise agreed by the Parties, Protected Material shall be used by a Receiving Party for the sole purpose of litigating this Action, and shall not be used or disclosed, directly or indirectly, for any other purpose whatsoever.

2. HACU, the Department of Education, Secretary McMahon, and their counsel may only contact Member A of SFFA[1]; Individuals A and B, who are members

---

[1] Here and throughout, "Member A" refers to the member of SFFA referenced in Paragraph 53 of the Complaint [Doc. 1)].

of NAS and FASORP;[2] Individuals C and D, who are members of FASORP[3]; or any of the members of SFFA, NAS, or FASORP through counsel for SFFA, NAS, or FASORP. Counsel will accept service from HACU on behalf of members for their respective associations.

3.      The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth herein.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

## III.   SCOPE

1.      The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations,

---

[2]      Here and throughout, "Individual A" refers to the member of NAS and FASORP referenced in Paragraph 40 of the Complaint in Intervention [Doc. 35], and "Individual B" refers to the member of NAS and FASORP referenced in Paragraph 41 of the Complaint in Intervention.

[3]      Here and throughout, "Individual C" refers to the member of FASORP referenced in Paragraph 42 of the Complaint in Intervention [Doc. 35], and "Individual D" refers to the member of FASORP referenced in Paragraph 43 of the Complaint in Intervention.

4

or presentations by the Parties or their counsel made in Court or in other settings that might reveal Protected Material.

2. Nothing in this Order shall prevent or restrict a Producing Party's own disclosure or use of its own Discovery Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Discovery Material to an individual who previously prepared or received the Discovery Material.

3. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court or in any Court filing in this Action, provided that the Party complies with this Order and, as appropriate, with any applicable rules regarding the filing under seal and use of material designated for protection. The Parties shall comply with the Court's Memorandum and Order Regarding Sealing Confidential Information [Doc. 9]. A Producing Party may consent in writing to the public filing and/or use of its Protected Materials by another Party.

4. Nothing herein shall be deemed a waiver of a Party's right to object to the production of any document, communication, or other Discovery Material (including, without limitation, on the basis of relevance, burden, expense, privilege, or other evidentiary immunity).

5. This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all or an

5

order that certain Protected Materials do not qualify for protection or the level of protection designated.

## IV. DURATION

1. Even after the Termination Date, and unless otherwise indicated in this Order, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or an order from this Court otherwise directs.

## V. ACCESS TO AND USE OF PROTECTED MATERIAL

1. **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a Receiving Party in a secure manner and at a location that ensures that access is limited to the persons authorized under this Order.

2. **Legal Advice Based on Protected Material**. Nothing in this Protective Order shall be construed to prevent counsel for a Receiving Party from advising their clients with respect to this Action based in whole or in part upon Protected Materials, provided that counsel does not disclose the Protected Materials themselves, the content of those Protected Materials, or the fact of those particular Protected Materials' existence except as provided in this Order.

6

3.     **Limitations**.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that has been lawfully acquired and is known to the Receiving Party independent of the Producing Party; (iii) that has been previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) consented to by the Producing Party; or (v) ordered by the Court.

## VI.   DESIGNATING PROTECTED MATERIAL

1.     **Available Designations**.  Any Producing Party may designate Discovery Material with either of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.     **Written Discovery and Documents and Tangible Things**.  Written discovery, documents (including electronically stored information, or "ESI," as that phrase is used in Federal Rule of Civil Procedure 34), and tangible things that meet the requirements for the confidentiality designations above be so designated by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, to each page of the written material that contains Protected Material at the time that such documents are produced or such information

7

is disclosed, or as soon thereafter as the Producing Party notifies the Receiving Party of the confidential nature of the information or material disclosed. For digital files being produced, the Producing Party may mark each viewable page or image that contains Protected Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, and mark the medium, container, and/or communication in which the digital files were contained with the appropriate designation.

3. **Materials Made Available for Inspection**. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate designation to each page of a document that contains Protected Material.

4. **Depositions and Testimony**. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice

of how portions of the transcript of the testimony are designated within fourteen (14) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time for designating the final transcripts as described above has passed, unless the Parties agree in writing or on the record or the Court orders otherwise. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties or order of the Court." Counsel for any Producing Party shall have the right to exclude from oral depositions any person, other than the deponent, deponent's counsel, counsel for the Parties, the stenographer and/or videographer (if any), who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected

9

Material. Such right of exclusion shall apply only to the specific periods of examination or testimony that pertain or relate to such Protected Material.

5. **Discovery Material Designated as "CONFIDENTIAL."** A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects information that the Producing Party believes in good faith qualifies for protection under Federal Rule of Civil Procedure 26(c). Examples of such information include material that a Party reasonably and in good faith believes to contain or to disclose information that the Party, in the ordinary course of business, does not or would not publicly disclose, or information that a Party is under a preexisting obligation to maintain as confidential.

6. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "CONFIDENTIAL" only to:

(a) The Receiving Party's outside counsel of record in this action, as well as partners, associates, and other employees of any such counsel's law firm (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

10

(c)     Any outside expert retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; and (B) such expert or consultant (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A).

(d)     The Court, jury, and court personnel, pursuant to Section XI and any applicable rules regarding the filing and/or use of materials designated for protection;

(e)     Court reporters, stenographers and videographers retained to record testimony taken in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     Document processing and hosting vendors, and graphics, translation, design, and/or trial consulting services to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)     Any other person with the prior written consent of the Producing Party or by order of the Court.

## VII. DISCOVERY MATERIAL DESIGNATED AS "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1. A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects sensitive personal information or information that is trade secret and/or commercially sensitive and that must be protected from disclosure. Examples of such information or material include trade secrets and other proprietary information; confidential business information and practices; financial information; sensitive personal information, including the identifying information of Member A, Individual A, Individual B, Individual C, Individual D, or any other member of SFFA, NAS, or FASORP; and material that a Party is under a pre-existing obligation to a non-party to treat as personal or confidential. While the parties agree that a Producing Party may designate the foregoing categories of information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," they do not waive any rights to challenge the designations of these categories, as necessary.

2. All Protected Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be produced electronically or in hard copy, in a manner agreed to by the Parties or ordered by the Court. To the extent any such materials are produced electronically, the production media shall be encrypted with a passcode of at least 10 characters. Any electronic copies of materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" maintained by a

12

Receiving Party or its Counsel for archival, review, or use in prosecuting this action, shall also be maintained in an encrypted environment.

3. Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Receiving Party may disclose any material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a) The Receiving Party's outside counsel of record in this action, as well as partners, associates, and other employees of any such counsel (including without limitation paralegals and support staff) to whom it is reasonably necessary to disclose the information for this litigation;

(b) Any outside expert retained by the Receiving Party to assist in this action (including such of the expert's assistants or support staff as are reasonably necessary to facilitate the expert's work), provided that (A) disclosure is only to the extent reasonably necessary to perform such work; and (B) such expert or consultant (and any reasonably necessary assistants or support staff) has agreed to be bound by the provisions of this Protective Order by signing a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A). Any "Agreement to Be Bound by Protective Order" signed by a Party's outside expert does not need to be disclosed or circulated to other Parties until the Termination Date or as required pursuant to the Federal Rules of Civil Procedure.

13

(c)     The Court, jury, and court personnel, subject to Section XI and any applicable rules regarding the filing and/or use of materials designated for protection;

(d)     Court reporters, stenographers and videographers retained to record testimony taken in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     Document processing and hosting vendors, and graphics, design, and/or trial consulting services to whom disclosure is necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     Defendant-Intervenor's Executive Vice President for Policy and Governmental Relations (currently, Dr. Lena Rodriguez) after she has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g)     Any other person with the prior written consent of the Producing Party or by order of the Court.

## VIII. CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.     **Timing of Challenges**. If a Receiving Party plans to challenge a Producing Party's confidentiality designations by making an appropriate application to the Court, it may do so at any time after receiving the Protected Material.

2.      **Method of Challenge**. A Party that elects to initiate a challenge to a Producing Party's confidentiality designation must do so in good faith and must begin the process by serving a written objection upon the Producing Party.  The Producing Party shall notify the challenging party in writing of the bases for the asserted designation within 14 days of receiving a written objection. The Parties shall confer in good faith as to the validity of the designation within 7 days after the challenging party has received the Producing Party's bases for the asserted designation.

3.      If the Parties are unable to reach an agreement as to the challenged designation, the challenging party may make an appropriate application to the Court within the timeframe established above. Until a challenge to an asserted designation is finally resolved by the Parties or the Court, all Parties and persons shall treat the information or materials in question according to the original designation.

## IX.   USE AT DEPOSITIONS

1.      Prior to the disclosure of Protected Material to any deponent or witness, counsel for the Party making the disclosure shall deliver a copy of this Order to such person, shall explain that such person is bound by the terms of such Order, and shall secure the signature of such person on a copy of the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Said counsel must retain each signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), and produce it to opposing counsel either twenty-

four (24) hours before such person testifies (at deposition or trial) or at the conclusion of the Action, whichever comes first.

## X.   OUTSIDE COUNSEL AND EXPERTS

1.    Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not disclose, use or apply such information or items for any purpose other than for work or services performed in the scope of this Action.

## XI.   USE IN THIS ACTION

1.    The status and designation of information or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be lost or impaired by use of such information or material in this Action or any appeal therefrom.  Whenever any Protected Material must be filed with the Court, Parties shall file and/or lodge those papers in a manner that is consistent with the Federal Rules of Civil Procedure, the Federal Rules of Appellate Procedure, or any local rules, as applicable. The parties shall comply with the Memorandum and Order Regarding Sealing Confidential Information [Doc. 9].

## XII.   NON-PARTIES

1.    A copy of this Protective Order shall be furnished to each non-party required to produce documents or who otherwise formally discloses information in response to discovery requests during this litigation. Such non-parties may elect to avail

16

themselves of, and agree to be bound by, the terms and conditions of this Protective Order.

## XIII. PROTECTED MATERIAL SUBPOENAED

1.      If a Receiving Party is served with a subpoena or an order issued in another action that seeks disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must notify the Producing Party of that request in writing promptly and in no event more than 10 days after receiving the subpoena or order. Such notification must include a copy of the  subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

2.      The purpose of imposing these duties is to alert interested parties to the existence of this Protective Order and to afford the Producing Party in this Action an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. The Producing Party shall bear the burden of seeking protection in that court of its confidential material.

17

## XIV. FILING PROTECTED MATERIAL

1.      The Parties shall follow the Court's Local Rules, and Electronic Case Filing Rules and Procedures with respect to filing Protected Material under seal.  Nothing herein shall preclude any Party from filing a redacted version of such a pleading, brief, exhibit or other document in the public record that omits the Protected Material.

## XV.  REDACTIONS

1.      Pursuant to and consistent with the Federal Rules of Civil Procedure, any Producing Party may redact information from the documents and things produced that the Producing Party reasonably and in good faith believes (i) is subject to the attorney-client privilege, associational privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity; (ii) is personal identifying information that is not relevant to the Action.  Examples may include: social security numbers, bank account numbers, dates of birth, names and dates of birth of minor children, home addresses, and names of non-party employees, where these subjects are not at issue in these proceedings; (iii) is confidential third-party information, including information about current or former partners and affiliated businesses; and (iv) for which there is a substantial need to redact the information. The Producing Party shall denote any such redactions with a legend stating "REDACTED," as appropriate, or a comparable notice, and shall preserve an unredacted version of each such document. To the extent a dispute arises regarding the Producing Party's redactions, the Receiving

18

Party may challenge any redaction consistent with the Federal Rules of Civil Procedure, in accordance with this Court's Local Rules and Judicial Preferences.

## XVI. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS

1.	Pursuant to Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B), the attorney-client privilege, work product protection, or any other privilege or protection shall not be waived, in this Action or in any other proceeding, by inadvertent disclosure. More specifically, if any privileged or protected documents, records, and/or data are inadvertently disclosed to another party, such documents will not lose the privilege and/or protection attached thereto because the documents were inadvertently disclosed, nor may any such documents, once identified, be used for any purpose (including, without limitation, during a deposition). After being notified of an inadvertent disclosure pursuant to Rule 26(b)(5)(B), all copies of such document(s) shall be returned to the Producing Party or be destroyed within 48 hours of the notice.

2.	Also within five (5) business days of the disclosing Party's request for the destruction, or return of all copies of inadvertently disclosed information, or before the deadline for the Parties' exchange of privilege logs, whichever comes later, the disclosing Party shall serve on the other party a privilege log that reflects the inadvertently disclosed information and, if the privilege claim only applies to part of the document, produce the redacted version of the document. The disclosing Party retains the burden of

19

establishing the privileged or protected nature of any inadvertently disclosed information.

3. If a dispute arises concerning the protected nature of the document(s) that the Producing Party claims were inadvertently disclosed pursuant to Rule 26(b)(5)(B) and Section XVI, paragraph 1, the Parties shall meet and confer within 7 days from the date the dispute arises in good faith in an effort to resolve the dispute. If the Parties are unable to resolve the dispute, within 7 days following the meet and confer the Receiving Party may contact the chambers of the assigned magistrate judge to request a telephone conference, in accordance with this Court's Judicial Preferences. If the Parties are unable to resolve the dispute through the telephone conference, the Producing Party may file a motion seeking a protective order protecting the document(s) at issue from being further disclosed. In the event of such a motion for protective order, the Producing Party shall have the burden to demonstrate the claimed privilege, work product immunity, or other immunity. The material that the Producing Party contends was inadvertently disclosed shall be treated as covered by the claimed privilege, work product immunity, or other immunity during the pendency of these discussions and any ensuing motion practice. The Receiving Party will not use or refer to any information contained within the document(s) at issue, including in deposition or at trial or in any Court filing, unless and until such a motion for protective order is denied by the Court.

## XVII. INADVERTENT FAILURE TO DESIGNATE PROPERLY

1. The inadvertent failure by a Producing Party to designate Discovery Material as Protected Material with one of the designations provided for under this Order shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order upon learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with a copy bearing the correct confidentiality designation, consistent with the terms of this Order, within 10 days of notifying the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall destroy all copies of any Discovery Materials bearing the previous designation.

2. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives the notice described in the immediately preceding paragraph. Once a Producing Party gives such notice, the Receiving Party shall treat such Discovery Material at the new designated level pursuant to the terms of this Order.

## XVIII. INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

1. In the event of a disclosure of any Discovery Material pursuant to this Order to any person or persons not authorized to receive such disclosure under this Order, the

Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Discovery Material has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve, or confirm the destruction of, all copies of documents that it distributed or disclosed to persons not authorized to access such information, and to ensure that no further or greater unauthorized disclosure and/or use of the improperly disclosed Discovery Material is made.

2.     Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected Material.

## XIX. EXPERT MATERIALS

1.     All matters concerning expert discovery shall be governed by the Federal Rules of Civil Procedure and the applicable local rules and standing order(s), to the extent not inconsistent with this Order.

2.     The following categories of documents and information need not be disclosed, are outside the scope of permissible discovery (including deposition questions), and are deemed to be attorney work product and confidential except to the extent that the communications (i) relate to compensation for the Expert's study or

testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the Expert relied on in forming the opinions to be expressed:

(a)    A Consulting Expert's communications, documents, or electronic information made or prepared in connection with this Action including, but not limited to, communications sent to or received by counsel for the Party retaining the Consulting Expert(s);

(b)    A Testifying Expert's (i) drafts of expert reports, declarations, affidavits, opinions, written testimony, or work papers prepared in connection with this action or any other action; (ii) preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this action or any other action; or (iii) other preliminary expert opinions or draft materials;

(c)    Notes or summaries of a Testifying Expert, or persons working at the direction of a Testifying Expert, prepared in connection with this Action or any other action;

(d)    Any comments, whether oral or written, related to an expert report or affidavit of a Testifying Expert prepared in connection with this Action by (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, (iii) or any person working at the Testifying Expert's direction; and

(e)     Any communications, whether oral or written, between a Testifying Expert and (i) counsel for a Party retaining the Testifying Expert, (ii) a Consulting Expert, or (iii) any person working at the Testifying Expert's direction, including any information and things included in or attached to such communications, except to the extent they are directly relied upon by the expert in his or her expert report, declaration, affidavit, or testimony.

3.     The Parties will make all disclosures required by Rule 26(a)(2)(B). Nothing herein shall limit or waive any Party's rights to object for any reason to the admissibility of any opposing Party's expert submission into evidence or to the qualifications of any person to serve as an expert witness.

## XX.   FINAL DISPOSITION

1.     Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the Termination Date each Receiving Party must either destroy or return to the Producing Party all Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the 45-day deadline established herein that confirms all the Protected Material in its possession was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any Protected Material. Notwithstanding this provision, counsel for the Parties in this Action may retain an archival copy of all pleadings, motion

24

papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material, and the parties or counsel that retain them, shall remain subject to this Order.

## XXI. MISCELLANEOUS

1. **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification, or relief from this Order, from the Court in the future.

2. **Termination of Matter and Retention of Jurisdiction**. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final termination of the above-captioned matter. To the extent authorized by law, the Court shall retain jurisdiction after final termination of this matter to hear and resolve any disputes arising out of this Order.

3. **Successors**. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

4. **Right to Assert Other Objections**. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. This Order shall not constitute a

25

waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding. Stipulating to entry of this Protective Order shall not prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any confidential information, nor prevent the Parties from agreeing in writing or on the record during a deposition or hearing in this Action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

5. **Modification by Court**. The United States District Court for the Eastern District of Tennessee is responsible for the interpretation and enforcement of this Order. All disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the District Court for the Eastern District of Tennessee.

6. **Bound by Order**. All persons who have access to information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order acknowledge that they are bound by this Order, and, to the extent authorized by law, they submit to the jurisdiction of this Court for purposes of enforcing this Order.

7. **Discovery Rules Remain Unchanged**. Except as expressly provided herein, nothing in this Order shall alter or change in any way the discovery provisions

of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Tennessee, or the Court's own orders entered in this Action. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Tennessee, or the Court's own orders entered in this Action.

**IT IS SO ORDERED**.

**ENTER**:

Debra C. Poplin
United States Magistrate Judge

27

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full company name or address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Tennessee on _____, 2026 [print date issued] in the case of *Tennessee v. U.S. Department of Education,* 3:25-cv-270 (E.D. Tenn.).

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Tennessee for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

28

IT IS SO STIPULATED, THROUGH THE UNDERSIGNED COUNSEL FOR THE PARTIES.

Dated: **March 30, 2026**

Respectfully submitted,

/s/ *Aaron L. Bernard*
Jonathan Skrmetti
Attorney General of Tennessee

J. Matthew Rice
Solicitor General of Tennessee

Joshua Daniel Minchin
Assistant Solicitor General

Aaron L. Bernard*
Assistant Solicitor General

301 6th Avenue North
Nashville, TN 37243
(615) 741-3491
matt.rice@ag.tn.gov
joshua.minchin@ag.tn.gov
*Counsel for Plaintiff, State of Tennessee*

/s/ *Cameron T. Norris*
Thomas R. McCarthy*
Cameron T. Norris
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22201
(703) 243-9423
tom@consovoymccarthy.com
cam@consovoymccarthy.com

Adam K. Mortara
LAWFAIR LLC
40 Burton Hills Blvd., Suite 200
Nashville, TN 37215
(773) 750-7154

/s/ *Grace E. Hart*
Grace E. Hart*
Suzana Kondic*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-6372
GHart@gibsondunn.com
SKondic@gibsondunn.com

Francisca D. Fajana*
Namratha Somayajula*
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 219-3360
FFajana@latinojustice.org
NSomayajula@latinojustice.org

Zee Scout (BPR No. 042637)
American Civil Liberties Union
Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
ZScout@aclu-tn.org
*Counsel for Defendant-Intervenor, Hispanic Association of Colleges and Universities*
*\* pro hac vice*

mortara@lawfairllc.com
*Counsel for Plaintiff, SFFA*
*/s/ Alex Carver*
Eric G. Osborne (No. 29719)
Mark Alexander Carver (No. 36754)
SHERRARD ROE VOIGT &
HARBISON, PLC
1600 West End Avenue, Suite 1750
Nashville, TN 37203
(615) 742-4200
EOsborne@srvhlaw.com
ACarver@srvhlaw.com

Dan Morenoff* (Texas Bar No. 24032760)
Joseph A. Bingham* (D.C. Bar No.
1015329)
American Civil Rights Project
P.O. Box 12207
Dallas, TX 75225
(214) 504-1835
dan@americancivilrightsproject.org
joe@americancivilrightsproject.org
*Counsel for Plaintiff-Intervenors, the*
*National Association of Scholars and Faculty,*
*Alumni, and Students Opposed to Racial*
*Preferences*
*\*pro hac vice*